## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| NICOLE T. WORTMAN and SHANE W. WORTMAN, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RUSHMORE LOAN MANAGEMENT SERVICES LLC,<br><br>Defendant. | Case No. 1:18-cv-04894 |

## CLASS ACTION COMPLAINT

NOW COME Plaintiffs, NICOLE T. WORTMAN and SHANE W. WORTMAN, individually, and on behalf of all others similarly situated, through their attorneys, James C. Vlahakis, Joseph S. Davidson and Mohammed O. Badwan of SULAIMAN LAW GROUP, LTD., pursuant to Fed. R. Civ. P. 23 asserting the following class action claims against Defendant, RUSHMORE LOAN MANAGEMENT SERVICES LLC:

### NATURE OF ACTION

1. This action is brought pursuant to Fed. R. Civ. P. 23 by Plaintiffs, individually, as well as on behalf of all others similarly situated, seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 *et seq*.

### JURISDICTION, PARTIES AND VENUE

2. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 with respect to Plaintiffs' FDCPA claims.

1

3. NICOLE T. WORTMAN and SHANE W. WORTMAN ("Plaintiffs") are natural persons, who at all times relevant resided in this judicial district.

4. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3) as they are natural persons obligated or allegedly obligated to pay a debt.

5. RUSHMORE LOAN MANAGEMENT SERVICES LLC ("Defendant") is a foreign limited liability company with its principal place of business in Irvine, California.

6. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it uses instrumentalities of interstate commerce and the mail in its business.

7. The principal purpose of Defendant's business is the collection of debt owed or due or asserted to be owed or due another.

8. On information and belief, Defendant transmits hundreds of debt collection letters from its principal place of business.

9. Alternatively, Defendant transmits hundreds of debt collection letters to residents of this judicial district.

10. Venue is proper as a substantial part of the events or omissions giving rise to the claim(s) occurred in this judicial district. 28 U.S.C. § 1391(b)(2).

## GENERAL ALLEGATIONS

11. On March 3, 2006, Plaintiffs executed a mortgage in favor of ABN AMRO Mortgage Group, Inc. (the "Mortgage").

12. The Mortgage secured the purchase of Plaintiffs' personal residence located at 24633 Lincolnway Street, Plainfield, Illinois 60544 (the "Property").

13. The Mortgage secured the repayment of the indebtedness evidenced by a promissory note in the amount of $279,000.00 (the "Loan").

14. On or before August 15, 2007, ABN AMRO Mortgage Group, Inc. assigned and transferred this Mortgage to Lasalle Bank Midwest, N.A.

15. On October 1, 2016, Plaintiffs defaulted by failing to make monthly payments pursuant to the Loan.

16. On November 30, 2016, Plaintiffs initiated a bankruptcy case by filing a voluntary petition for relief under Chapter 13 of the Bankruptcy Code.

17. Notice of Plaintiff's bankruptcy case was sent to Bank of America, N.A. at NC4-105-03-14, P.O. Box 26012, Greensboro, North Carolina electronically on December 2, 2016.

18. Notice of Plaintiffs' bankruptcy case was sent to Bank of America, N.A. at 4909 Savarese Circle, Tampa, Florida 33634-2413 by first class mail on December 3, 2016.

19. A true and correct representation of the Certificate of Notice is shown below:

```
Case 16-37931    Doc 11    Filed 12/01/16    Entered 12/03/16 23:43:49    Desc Imaged
                           Certificate of Notice    Page 3 of 4
                              United States Bankruptcy Court
                              Northern District of Illinois

In re:                                                          Case No. 16-37931-BWB
Shane William Wortman                                           Chapter 13
Nicole Teresa Wortman
        Debtors
                                    CERTIFICATE OF NOTICE
District/off: 0752-1          User: rruiz1              Page 1 of 2             Date Rcvd: Dec 01, 2016
                              Form ID: 309I             Total Noticed: 22

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Dec 03, 2016.
db/jdb         +Shane William Wortman,   Nicole Teresa Wortman,   24633 Lincolnway Street,
                 Plainfield, IL 60544-2413
tr             +Glenn B Stearns,   801 Warrenville Road Suite 650,   Lisle, IL 60532-4350
25137620       +Adventist Bolingbrook Hospital,   500 Remington Boulevard,   Bolingbrook, IL 60440-4988
25137622       +Bank Of America,   4909 Savarese Circle,   Tampa, FL 33634-2413
25137626       +Citibank / Sears,   Citicorp Credit Services/Attn: Centraliz,   PO Box 790040,
                 Saint Louis, MO 63179-0040
25137628       +Dupage Valley Anesthesia,   801 S. Washington Street,   Naperville, IL 60540-7430
25137629       +Edward Hospital,   Po Box 5995,   Peoria, IL 61601-5995
25137634       +Med Business Bureau,   1460 Renaissance Dr,   Park Ridge, IL 60068-1349
25137633       +Med Business Bureau,   1460 Renaissance Drive,   Suite 400,   Park Ridge, IL 60068-1349
25137635       +Merchants Credit,   223 W Jackson Blvd,   Suite 700,   Chicago, IL 60606-6914
25137637       +Merchants Credit,   223 W Jackson St,   Chicago, IL 60606-6914
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
aty             E-mail/Text: ovjd@yahoo.com Dec 02 2016 02:13:38     Orlando Velazquez,
                 Sulaiman Law Group, LTD,   900 Jorie Blvd,   Ste 150,   Oak Brook, IL  60523
ust            +E-mail/Text: USTPREGION11.ES.ECF@USDOJ.GOV Dec 02 2016 02:15:03     Patrick S Layng,
                 Office of the U.S. Trustee, Region 11,   219 S Dearborn St,   Room 873,
                 Chicago, IL 60604-2027
25137619        EDI: HNDA.COM Dec 02 2016 01:43:00     Acura Financial Services,   2080 Cabot Boulevard West,
                 Lockbox #7829,   Langhorne, PA 19047
25137621       +EDI: BANKAMER.COM Dec 02 2016 01:38:00     Bank Of America,   Nc4-105-03-14,   PO Box 26012,
                 Greensboro, NC 27420-6012
```

3

20. The schedules filed by Plaintiffs listed Bank of America, N.A. on Schedule D: Creditors Who Have Claims Secured by Property.

21. The schedules filed by Plaintiffs listed Bank of America, N.A. as having a claim in amount of $274,191.00.

22. A true and correct representation of Plaintiffs' Schedule D is shown below:

> Case 16-37931  Doc 1  Filed 11/30/16  Entered 11/30/16 17:35:11  Desc Main
> Document  Page 18 of 55
>
> **Fill in this information to identify your case:**
>
> Debtor 1: Shane William Wortman
> Debtor 2 (Spouse if, filing): Nicole Teresa Wortman
> United States Bankruptcy Court for the: NORTHERN DISTRICT OF ILLINOIS
> Case number (if known): _____
> ☐ Check if this is an amended filing
>
> Official Form 106D
> **Schedule D: Creditors Who Have Claims Secured by Property**                12/15
>
> Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).
>
> 1. Do any creditors have claims secured by your property?
>    ☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.
>    ■ Yes. Fill in all of the information below.
>
> **Part 1: List All Secured Claims**
>
> | | | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim | Column C<br>Unsecured portion if any |
> |---|---|---|---|---|
> | 2.1 | **Bank Of America** (Creditor's Name)<br>Nc4-105-03-14<br>PO Box 26012<br>Greensboro, NC 27410<br>Number, Street, City, State & Zip Code | Describe the property that secures the claim:<br>24633 Lincolnway Street Plainfield, IL 60544 Will County<br>Pin: 06-03-16-110-012<br>Zillow Valuation<br>As of the date you file, the claim is: Check all that apply.<br>☐ Contingent<br>☐ Unliquidated<br>☐ Disputed | $274,191.00 | $290,651.00 | $0.00 |
>
> Who owes the debt? Check one.
> ☐ Debtor 1 only
> ☐ Debtor 2 only
> ■ Debtor 1 and Debtor 2 only
> ☐ At least one of the debtors and another
> ☐ Check if this claim relates to a community debt
>
> Nature of lien. Check all that apply.
> ☐ An agreement you made (such as mortgage or secured car loan)
> ☐ Statutory lien (such as tax lien, mechanic's lien)
> ☐ Judgment lien from a lawsuit
> ☐ Other (including a right to offset) _____
>
> Date debt was incurred: Opened 03/06 Last Active 9/26/16     Last 4 digits of account number: 3463

23. The plan filed by Plaintiffs provided for Plaintiffs to surrender the Property in full satisfaction of Bank of America, N.A.'s claims.

4

24. On December 5, 2016, an appearance was filed by Amanda J. Doyle of Heavner, Beyers & Mihlar, on behalf of Bank of America, N.A.

25. On January 27, 2017, a proof of claim was filed by Zhiqi Wu of Heavner, Beyers & Mihlar, LLC on behalf of Bank of America, N.A.

26. On August 15, 2017, a transfer of Bank of America, N.A.'s claim was filed by Jose G. Moreno of Codilis & Associates, P.C. on behalf of U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT ("U.S. Bank, N.A.").

27. On September 11, 2017, Plaintiffs were granted a discharge under section 1328(a) of the United States Bankruptcy Code.

28. Plaintiffs' discharge eliminated any personal liability on the indebtedness owed to Bank of America, N.A. and secured by the Property.

29. A true and correct representation of Plaintiffs' Discharge Order is shown below:

```
Case 16-37931    Doc 34    Filed 09/11/17    Entered 09/13/17 23:34:44    Desc Imaged
                           Certificate of Notice    Page 1 of 4
```

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | Shane William Wortman | Social Security number or ITIN xxx-xx-5233 |
| | First Name  Middle Name  Last Name | EIN __-_____ |
| Debtor 2 (Spouse, if filing) | Nicole Teresa Wortman | Social Security number or ITIN xxx-xx-1234 |
| | First Name  Middle Name  Last Name | EIN __-_____ |

United States Bankruptcy Court  Northern District of Illinois

Case number: 16-37931

## Order of Discharge                                                          12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Shane William Wortman                    Nicole Teresa Wortman

If the trustee has filed and served a notice pursuant to Bankruptcy Rule 3002.1(f), and no statement is timely filed by the mortgagee in response, the mortgage addressed by the notice is deemed to be fully current as of the date of the notice.

September 11, 2017                       For the court:    Jeffrey P. Allsteadt, Clerk
                                                           United States Bankruptcy Court

30. Notice of Plaintiffs' discharge was sent to Bank of America, N.A. in care of Amanda J. Doyle through the court's CM/ECF electronic mail system on September 11, 2017.

31. Notice of Plaintiffs' discharge was sent to U.S. Bank, N.A. in care of Jose G. Moreno through the court's CM/ECF electronic mail system on September 11, 2017.

32. Notice of Plaintiffs' discharge was sent to Bank of America, N.A. at NC4-105-03-14, P.O. Box 26012, Greensboro, North Carolina electronically on September 12, 2017.

33. Notice of Plaintiffs' discharge was sent to Bank of America, N.A. at P.O. Box 31785, Tampa, Florida electronically on September 12, 2017.

34. Notice of Plaintiffs' discharge was sent to Bank of America, N.A. at 4909 Savarese Circle, Tampa, Florida 33634-2413 by first class mail on Septeber 13, 2017.

35.  A true and correct representation of the Certificate of Notice is shown below:

```
Case 16-37931    Doc 34    Filed 09/11/17    Entered 09/13/17 23:34:44    Desc Imaged
                           Certificate of Notice    Page 3 of 4
                              United States Bankruptcy Court
                               Northern District of Illinois

In re:                                                              Case No. 16-37931-PSH
Shane William Wortman                                               Chapter 13
Nicole Teresa Wortman
        Debtors
                              CERTIFICATE OF NOTICE

District/off: 0752-1         User: pseamann         Page 1 of 2         Date Rcvd: Sep 11, 2017
                             Form ID: 3180W         Total Noticed: 27

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 13, 2017.
db/jdb        +Shane William Wortman,    Nicole Teresa Wortman,    24633 Lincolnway Street,
                Plainfield, IL 60544-2413
25271099      +AMITA Health Adventist Medical Center,    PO Box 9246,    Oak Brook, IL 60522-9246
25137620      +Adventist Bolingbrook Hospital,    500 Remington Boulevard,    Bolingbrook, IL 60440-4988
25137622      +Bank Of America,    4909 Savarese Circle,    Tampa, FL 33634-2413
25137626      +Citibank / Sears,    Citicorp Credit Services/Attn: Centraliz,    PO Box 790040,
                Saint Louis, MO 63179-0040
25137628      +Dupage Valley Anesthesia,    801 S. Washington Street,    Naperville, IL 60540-7430
25137629      +Edward Hospital,    Po Box 5995,   Peoria, IL 61601-5995
25137634      +Med Business Bureau,    1460 Renaissance Dr,    Park Ridge, IL 60068-1349
25137633      +Med Business Bureau,    1460 Renaissance Drive,    Suite 400,    Park Ridge, IL 60068-1349
25137635      +Merchants Credit,    223 W Jackson Blvd,    Suite 700,   Chicago, IL 60606-6914
25137637      +Merchants Credit,    223 W Jackson St,    Chicago, IL 60606-6914
25304104      +Toyota Lease Trust,    c/o TOYOTA MOTOR CREDIT CORPORATION,    PO BOX 9013,
                ADDISON, TEXAS 75001-9013
25918232      +U.S. Bank National Association, not in its,    C/O Codilis & Associates, P.C.,
                15W030 North Frontage Rd.,    Suite 100,    Burr Ridge, IL 60527-6921

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
25137619       EDI: HNDA.COM Sep 12 2017 02:08:00      Acura Financial Services,    2080 Cabot Boulevard West,
                Lockbox #7829,    Langhorne, PA 19047
25181558       EDI: HNDA.COM Sep 12 2017 02:08:00      Acura Financial Services,    National Bankruptcy Center,
                P.O. Box 168088,    Irving, TX 75016-8088,    866-716-6441
25137621      +EDI: BANKAMER.COM Sep 12 2017 02:08:00      Bank Of America,    NC4-105-03-14,    PO Box 26012,
                Greensboro, NC 27420-6012
25268921       EDI: BANKAMER.COM Sep 12 2017 02:08:00      Bank Of America, N.A.,    PO BOX 31785,
                Tampa, FL 33631-3785


             Case 16-37931    Doc 34    Filed 09/11/17    Entered 09/13/17 23:34:44    Desc Imaged
                                        Certificate of Notice    Page 4 of 4

District/off: 0752-1         User: pseamann         Page 2 of 2         Date Rcvd: Sep 11, 2017
                             Form ID: 3180W         Total Noticed: 27


                              CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 11, 2017 at the address(es) listed below:
              Amanda J Doyle    on behalf of Creditor    Bank of America, N.A. bankruptcy@hsbattys.com,
               bk4hsbm@gmail.com
              Glenn B Stearns    mcguckin_m@lisle13.com
              Jose G Moreno    on behalf of Creditor    U.S. Bank National Association, not in its individual
               capacity but solely as trustee for the RMAC Trust, Series 2016-CTT, nd-one@il.cslegal.com
```

36.  On April 16, 2018, Defendant sent Plaintiffs a "Notice of Intent to Foreclose."

37.  The Notice of Intent to Foreclose provided:

> "You are hereby formally notified that the mortgage loan associated with the referenced Deed of Trust/Mortgage is in default for failure to pay amounts due.

7

\*\*\*

This letter is a formal demand to pay $47,644.29. If the default together with additional payments that subsequently become due, is not cured by May 21, 2018, Rushmore Loan Management Services LLC will take steps to terminate your ownership in the property by a foreclosure by judicial proceeding and sale of the property.

38. A true and correct representation of the Notice of Intent to Foreclose is shown below:

### NOTICE OF INTENT TO FORECLOSE

Rushmore Loan Management Services LLC (Rushmore) is currently servicing your mortgage loan that is secured by the above referenced property. You are hereby formally notified that the mortgage loan associated with the referenced Deed of Trust/Mortgage is in default for failure to pay amounts due.

The loan is due for 10/01/2016 and subsequent payments, plus late charges, fees and costs. To cure this default, you must forward funds in the amount of $47,644.29 which consists of the following:

| | |
|---|---|
| Next Payment Due Date: | 10/01/2016 |
| Current Monthly Payment: | $2,432.19 |
| Total Monthly Payments Due: | $47,246.13 |
| Late Charges Due: | $398.16 |
| Uncollected NSF Fees: | $0.00 |
| Other Fees Due: | $0.00 |
| Suspense Balance: | $0.00 |
| TOTAL YOU MUST PAY: | $47,644.29 |

**It is possible that after payment of the amounts detailed above, there may be other fees still due and owing, including but not limited to other fees, escrow advances or corporate advances that Rushmore paid on your behalf or advanced to your account.**

This letter is a formal demand to pay $47,644.29. If the default together with additional payments that subsequently become due, is not cured by May 21, 2018, Rushmore Loan Management Services LLC will take steps to terminate your ownership in the property by a foreclosure by judicial proceeding and sale of the Property.

39. On June 11, 2018, Defendant sent Plaintiff a Mortgage Statement.

40. The Mortgage Statement provided:

Payment Due Date: 07/01/2018
**Amount Due: $55,646.72**
If payment is received after 07/16/2018, a $88.35 late fee will be charged.

8

41. A true and correct representation of the Mortgage Statement is shown below:

**Rushmore Loan Management Services**
PO Box 52708
Irvine, CA 92619

Visit our website at www.rushmorelm.com
Telephone 888-504-6700

Nicole T Wortman
Shane W Wortman
24633 Lincolnway St
Plainfield, IL 60544-2413

**MORTGAGE STATEMENT**
Statement Date: 06/11/2018

| | |
|---|---|
| Account Number | |
| Payment Due Date | 07/01/2018 |
| Payments received after the statement date are not reflected. | |
| Amount Due[5] | $55,646.72 |
| If payment is received after 07/16/2018, a $88.35 late fee will be charged. | |

Rushmore Loan Management Services LLC is a Debt Collector, who is attempting to collect a debt. Any information obtained will be used for that purpose. However, if you are in Bankruptcy or received a Bankruptcy Discharge of this debt, this letter is being sent for informational purposes only, is not an attempt to collect a debt and does not constitute a notice of personal liability with respect to the debt.

### Account Information

| | |
|---|---|
| Property Address | 24633 LINCOLNWAY ST PLAINFIELD IL, 60544 0000 |
| Outstanding Principal[3] | $274,191.90 |
| Deferred Balance[2] | $0.00 |
| Interest Rate (Until 5/1/2017) | 3.37500% |
| Recoverable Advances[4] | $174.00 |
| Prepayment Penalty | NO |

| | |
|---|---|
| Principal | $775.78 |
| Interest | $991.28 |
| Escrow (for Taxes and Insurance) | $846.35 |
| **Regular Monthly Payment** | **$2,613.41** |
| Total Fees and Charges | $570.63 |
| Overdue Payments | $52,462.68 |
| **Total Amount Due** | **$55,646.72** |
| Partial Payment (Unapplied)[1] | $0.00 |

### Past Payments Breakdown

| | Paid Last Month | Paid Year-to-Date |
|---|---|---|
| Principal | $0.00 | $0.00 |
| Interest | $0.00 | $0.00 |
| Escrow (Taxes and Insurance) | $0.00 | $0.00 |
| Fees | $0.00 | $0.00 |
| Partial Payment (Unapplied)[1] | $0.00 | $0.00 |
| Recoverable Advances[4] | $0.00 | $0.00 |
| Total | $0.00 | $0.00 |

(1) **Partial Payment:** Any partial payments that you make are not applied to your mortgage, but instead are held in a separate suspense account. If you pay the balance of a partial payment, the funds will then be applied to your mortgage.
(2) **Deferred Balance:** The amount of your principal balance that is deferred as part of the terms of a loan modification.
(3) **Outstanding Principal:** This is your Loan balance only, not the payoff amount.
(4) **Recoverable Advances:** Disbursements for servicing-related expenses (non-escrow expenses) paid with servicer-funds rather than escrow funds which are recovered from you, the borrower.
(5) **Amount Due:** IF YOU ARE IN FORECLOSURE OR BANKRUPTCY, the amount listed here may not be the full amount necessary to bring your account current. To obtain the most up-to-date amount due information, please contact us at the number listed on this statement.

### If You Are Experiencing Financial Difficulty

If you would like counseling or assistance, you can contact the U.S. Department of Housing and Urban Development (HUD). For a list of homeownership counselors or counseling organizations in your area, go to http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm or call 800-569-4287. Rushmore Loan Management Services is dedicated to providing outstanding loan servicing and customer support through a commitment to uphold ethical and honest business practices. Rushmore is customer-focused and we believe in providing the highest level of customer care. We treat all of our customers with respect, courtesy and integrity. We understand the importance of homeownership, and we recognize that at times economic changes can make it difficult to make your mortgage payment. We encourage our customers to contact us at 888-504-7300 to discuss assistance programs we may have available for you. We also encourage you to contact us to discuss any other issues you may be having with your mortgage. We believe that open and timely communications is a key to our relationship with you. We encourage all of our customers to continue to visit our website (www.rushmorelm.com) to access loan information, make payments, download forms, or obtain answers to questions about your account.



42. The Mortgage Statement included a payment coupon with payment instructions.

43. A true and correct representation of the payment coupon is shown below:

```
(Keep upper portion for your records)
Please mail so that your payment reaches us by the due date.

LOAN NUMBER | DUE DATE   | AMOUNT DUE  | IF REC'D AFTER THIS DATE | LATE PMT AMOUNT
            | 07/01/2018 | $55,646.72  | 07/16/2018               | $55,735.07

Nicole T Wortman
Shane W Wortman
24633 Lincolnway St
Plainfield, IL 60544

Amount Due(6)
Due By 07/01/2018:            $55,646.72
$88.35 late fee will be charged after 07/16/2018
Additional Principal    $
Additional Escrow       $
Total Amount Enclosed   $

Make checks payable to:

Rushmore Loan Management Services LLC
P.O. Box 514707
Los Angeles, CA 90051-4707
```

44. A true and correct copy of the Mortgage Statement with payment coupon is attached as Exhibit A.

45. Exhibit A is a "communication" as defined by 15 U.S.C. § 1692a(2) as the document conveyed information regarding debt allegedly owed directly to Plaintiffs.

46. Exhibit A attempted to collect monies allegedly owed by Plaintiffs relative to the Loan.

47. By transmitting Exhibit A to Plaintiffs, Defendant attempted to collect debt incurred for "personal, family, or household purpose" as defined by 15 U.S.C. § 1692a(5).

**INDIVIDUAL CLAIMS FOR RELIEF**

**Count I:**
**Violation of 15 U.S.C. §§ 1692e(2) and e(10)**

46. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

47. The indebtedness allegedly owed to the U.S. Bank, N.A. is a "debt" as defined by 15 U.S.C. § 1692a(5).

48. Section 1692e(2) prohibits "the false representation of the character, amount, or legal status of any debt."

49. Section 1692e(10) prohibits "the use of any false representation or deceptive means to collect or attempt to collect any debt."

50. "A demand for immediate payment while a debtor is in bankruptcy is 'false' in the sense that it asserts that money is due, although, because of the automatic stay (11 U.S.C. § 362) or the discharge injunction (11 U.S.C. § 524), it is not." *Randolph v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2004).

51. By sending Exhibit A, Defendant violated 15 U.S.C. § 1692e(2) by falsely representing that Plaintiff *owed $309,456.68* at the time Exhibit A was sent.

52. By sending Exhibit A, Defendant violated 15 U.S.C. § 1692e(10) by using false representations that Plaintiff *owed $309,456.68* at the time Exhibit A was sent.

53. In fact, Plaintiff did not owe $309,456.68 as Plaintiff's discharge eliminated Plaintiff's personal liability on the indebtedness owed to U.S. Bank, N.A.

54. Defendant violated 15 U.S.C. §§ 1692e(2) and e(10), and thus Plaintiff is entitled to recover damages and costs of the action, together with reasonable attorney's fees.

55. Section 1692k of the FDCPA provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of –

(1) any actual damage sustained by such person as a result of such failure;

(2)

(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or

\*\*\*

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated 15 U.S.C. §§ 1692e(2) and e(10);

B. an order enjoining Defendant from further violation(s) of 15 U.S.C. § 1692e(2);

C. an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

D. an award of such additional damages, as the Court may allow, but not exceeding $1,000;

E. an award of costs of this action, together with reasonable attorneys' fees as determined by this Court; and

F. an award of such other relief as this Court deems just and proper.

## CLASS ALLEGATIONS

56. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

57. Plaintiff bring this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class").

**A. Numerosity.**

58. On information and belief, Defendant mailed this Notice out to Illinois consumers on no less than 40 occasions.

59. The exact number of members of the Putative Class are unknown and not available to Plaintiffs at this time, but it is clear that individual joinder is impracticable.

**B.    Typicality.**

60. Plaintiff's claims are typical of the claims of other members of the Putative Class.

61. On information and belief, Defendant's business records will show that they mailed this Notice to borrowers on behalf of multiple lenders.

62. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to statutory damages as result of Defendant's conduct.

**C.    Commonality and Predominance.**

63. There are common questions of fact and law with the claims of Plaintiff and the Putative Class.

64. These common questions of fact and law are whether Defendant threatened the imposition of late charges after acceleration and before reinstatement of the Mortgage and the Loan when the absence of a monthly payment obligation after acceleration and before reinstatement precludes the imposition of late charges for that period.

65. These common questions of fact and law are subject to common proof through review of Defendant's business records.

66. These common questions of fact and law are answerable for the entirety of the Putative Class.

67. These common questions of fact and law predominate over any questions that may affect individual members of the Putative Class.

**D.    Superiority and Manageability.**

68. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

69. Joinder of all parties is impracticable.

70. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution of Defendant's unlawful collection activities.

71. Even if individual members of the Putative Class could sustain such individual litigation, it would still not be preferable to a class action because individual litigation would increase the delay and expense to all parties and courts.

72. By contrast, a class action provides the benefits of single adjudication, economies of scale and comprehensive supervision by a single court.

73. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.** **Adequate Representation.**

74. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

75. Plaintiff has retained counsel extremely competent and experienced in consumer class action litigation.

76. Plaintiff has no interests antagonistic to those of the Putative Class, and Defendant has no defenses unique to Plaintiff.

## CLASS CLAIMS FOR RELIEF

### Count II:
### Violation of 15 U.S.C. §§ 1692e(2) and e(10)

77. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

78. Section 1692e(2) prohibits "the false representation of the character, amount, or legal status of any debt."

79. Section 1692e(10) prohibits "the use of any false representation or deceptive means to collect or attempt to collect any debt."

80. "A demand for immediate payment while a debtor is in bankruptcy is 'false' in the sense that it asserts that money is due, although, because of the automatic stay (11 U.S.C. § 362) or the discharge injunction (11 U.S.C. § 524), it is not." *Randolph v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2004).

81. By sending Exhibit A, Defendant violated 15 U.S.C. § 1692e(2) by falsely representing that Plaintiff *owed $309,456.68* at the time Exhibit A was sent.

82. By sending letters similar to Exhibit A to members of the Putative Class, Defendant violated 15 U.S.C. § 1692e(2) by falsely representing that members of the Putative Class *owed* monies to Defendant's mortgage servicer client(s) despite members of the Putative Class's bankruptcy discharge.

83. Defendant violated 15 U.S.C. §§ 1692e(2) and e(10), members of the Putative Class are entitled to recover damages and costs of the action, together with reasonable attorney's fees.

84. As set forth above, Plaintiffs can satisfy the elements of Fed. R. Civ. P. 23, including numerosity.

85. The Putative Class is defined as follows:

All natural persons residing in the United States of America who (a) within the one (1) year prior to the filing of the original complaint and during its pendency (b) received the same or a substantially similar letter as the letter attached hereto as Exhibit A (c) for purposes of collection upon a consumer debt (d) that was discharged in Chapter 7 or Chapter 13 bankruptcy pursuant to 11 U.S.C. §§ 727 or 1328(a).

86. Excluded from the Putative Class are: (1) Defendant, its agents, parents, predecessors, subsidiaries, successors and any entity in which Defendant, or its agents, parents, predecessors, subsidiaries, successors have a controlling interest, and those entities' current and former directors, employees and officers; (2) the Judge or Magistrate Judge to whom this case is assigned, as well as the Judge or Magistrate Judge's immediate family; (3) persons who execute and timely file a request for exclusion; (4) persons whose claim(s) in this matter have been finally adjudicated and/or otherwise released; (5) the assigns, legal representatives and/or successors of any such excluded person(s); and (6) Counsel for Plaintiffs and Counsel for Defendant.

87. Members of the Putative Class will be identified through discovery of Defendant's business records.

88. Section 1692k of the FDCPA provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of –

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and

16

(3)     in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiffs, on behalf of members of the Putative Class request the following relief:

A. an order granting certification of the proposed class, including the designation of Plaintiffs as the named representatives, the appointment of the undersigned as Class Counsel, under the applicable provisions of Fed. R. Civ. P. 23;

B. a finding that Defendant violated 15 U.S.C. §§ 1692e(2) and e(10);

C. an order enjoining Defendant from further violation(s) of 15 U.S.C. §§ 1692e(2) and e(10);

D. an award of such amount as the Court may allow for all other class members, not to exceed the lesser of $500,000 or 1 per centum of the net worth of Defendant;

E. an award of costs of this action, together with reasonable attorneys' fees as determined by this Court; and

F. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury of any and all issues in this action so triable of right.

July 18, 2018                                                           Respectfully submitted,

                                                                                 */s/ Joseph S. Davidson*

                                                                                 James C. Vlahakis
                                                                                 Joseph S. Davidson
                                                                                 Mohammed O. Badwan
                                                                                 **SULAIMAN LAW GROUP, LTD.**

2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jvlahakis@sulaimanlaw.com
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com

*Counsel for Shane W. Wortman and Nicole T. Wortman*