**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NICOLE T. WORTMAN and SHANE W. WORTMAN, individual, and on behalf of all others similarly situated, ) ) ) ) Plaintiffs, ) ) v. ) ) RUSHMORE LOAN MANAGEMENT SERVICES, LLC ) ) ) ) Defendant. ) | Case No.: 1:18-cv-04894 The Honorable John J. Tharp Jr. |

**RUSHMORE LOAN MANAGEMENT SERVICES LLC'S
MOTION TO STAY PROCEEDING IN FAVOR OF FIRST-FILED CASE**

Defendant Rushmore Loan Management Services LLC moves to stay this proceeding in favor of a previously filed case currently pending before the 11th Circuit.

**INTRODUCTION**

This matter arises from the putative class action complaint filed by the Wortmans on July 18, 2018. The Wortmans allege that Rushmore violated the Fair Debt Collection Practices Act (FDCPA) by sending them a post-bankruptcy discharge mortgage statement that attempted to collect a discharged debt. The Wortmans seek certification of a nationwide class of persons who received a bankruptcy discharge and, after July 18, 2017, received the same or substantially similar mortgage statement from Rushmore.

Whether there is a certifiable class concerning Rushmore's post-discharge mortgage statements is currently being adjudicated in the 11th Circuit. On September 11, 2015, Randolph and Tabetha Sellers filed an analogous complaint ("*Sellers* Complaint") against Rushmore in the

1

Middle District of Florida ("*Sellers*").[1] A true and correct copy of the *Sellers* Complaint (with exhibits) is attached as Exhibit 1. The district court denied class certification, finding individual issues predominated over common issues. The Sellerses appealed that denial to the 11th Circuit, and it remains pending. (*See* Florida Case, Dkt. Nos. 62, 65, 67).

This case and *Sellers* are substantially similar with respect to the parties and issues. The mortgage statement Rushmore sent to the Wortmans is functionally identical to the one sent to the Sellerses, and the gravamen of both complaints is that said mortgage statements violate the FDCPA. Both the Wortmans and the Sellerses seek to represent a class of individuals who received that mortgage statement from Rushmore. The only real difference is that the Sellerses sought to represent a Florida-only class, and the Wortmans seek to represent a nationwide class.

Under the first-filed rule, that difference does not outweigh the critical similarities. The issues are the same; the 11th Circuit is going to decide whether class certification is appropriate for a claim based on the post-discharge receipt of the same account statement the Wortmans received. And while the parties are not identical, they do overlap around Florida consumers who will fall within both classes. This Court deserves to know how the 11th Circuit answers the functionally identical class certification question before reinventing the wheel in this case. Rushmore accordingly requests that this Court stay this action pending the outcome of the first-filed *Sellers* case.

**LEGAL STANDARD**

When two federal courts have concurrent jurisdiction over substantially similar actions, the first-filed rule provides that the first court in which jurisdiction attaches has priority to consider the case. *See, e.g.*, *Warshawsky & Co. v. Arcata Nat. Corp.*, 552 F.2d 1257, 1263 (7th

---

[1] The full caption is *Randolph and Tabetha Sellers v. Rushmore Loan Management Services, LLC*, 3:15-cv-01106-TJC-PDB (M.D. Fla.).

2

Cir. 1977); *Nicholson v. Nationstar Mortgage LLC of Delaware*, Case Nos. 17-cv-1373, 17-cv-8737, 18-cv-3075, 2018 WL 3344408, at *3-4 (N.D. Ill. July 6, 2018). The first-filed rule aims to conserve judicial resources, and is a longstanding doctrine that is grounded in "principles of comity" and "wise judicial administration." *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993); *see also Pfizer Inc. v. Apotex Inc.*, 640 F. Supp. 2d 1006, 1008 (N.D. Ill. 2009). The Seventh Circuit has strongly endorsed the first-filed rule's foundational principle: avoidance of duplicative and piecemeal litigation, and reduction of the danger for inconsistent results. *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995).

The first-filed rule is triggered when two cases present few significant differences between the claims, parties, and available relief. *See, e.g.*, *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 888–89 (7th Cir. 2012); *Humphrey v. United Healthcare Servs.*, No. 14 C 1157, 2014 WL 3511498, at *2 (N.D. Ill. July 16, 2014). In these instances, a court must stay, transfer, or dismiss the later-filed action unless the objecting party demonstrates "special" or "unusual" circumstances. *Asset Allocation & Mgmt. Co. v. W. Emp'r Ins. Co.*, 892 F.2d 566, 573 (7th Cir. 1989); *Warshawsky & Co.*, 552 F.3d at 1263. Absent proof of red flags, such as "the first suit was filed in bad faith or in an effort to forum shop," the second court is expected to stay its own proceedings in the usual case. *See, e.g.*, *Preci-Dip, SA v. Tri-Star Elect. Int'l, Inc.*, No. 08 C 4192, 2008 WL 5142401, at *2 (N.D. Ill. Dec. 4, 2008).

**ARGUMENT**

Pursuant to the first-filed rule, "it is the duty of a federal district court to avoid duplicative litigation in more than one federal court." *Whirlpool Fin. Corp. v. Metropolis Cap. Group*, No. 90 C 5845, 1991 WL 212112, at *3 (N.D. Ill. Oct. 7, 1991). Cases are duplicative if "the claims, parties, and available relief do not significantly differ between the two actions. In

3

other words, the first-to-file rule may counsel staying a subsequently-filed action if the parties, claims, and available relief substantially overlap between the two actions, even if they are not identical." *Nicholson*, 2018 WL 3344408, at *5 (N.D. Ill. July 6, 2018) (quotations omitted).

### I.     *Sellers* was filed first.

There is no dispute that *Sellers* was filed first, on September 11, 2015. (Ex. 1, *Sellers* Compl.) This case was not filed until July 18, 2018. (Dkt. 1, *Wortman* Compl.)

### II.    The issues in *Sellers* and this case are substantially similar.

Issues "need not be identical to satisfy the same issues requirement of the first-to-file doctrine. Rather, it is sufficient if the issues substantially overlap." *Humphrey*, 2014 WL 3511498, at *2 (quotations omitted). "A court must consider the substance of a claim over the form when determining whether a claim is duplicative." *Jaramillo v. DineEquity, Inc.*, 664 F. Supp. 2d 908, 916 (N.D. Ill. 2009). If most of the claims in two parallel actions allege the same harms arising from the same course of purported misconduct, courts will find a sufficient congruence of issues. *See Giles v. Week TV*, No. 16-CV-1030, 2016 WL 1588482, at *4 (C.D. Ill. Apr. 1, 2016) (finding the differently labeled claims of defamation, negligence, and negligent infliction of emotional distress claims to overlap due to their shared harm and triggering misconduct).

Here, the identity of issues favors a stay because stripped of their technical distinctions, both *Sellers* and this case involve nearly identical accusations and seek the same general relief. Both cases allege that Rushmore violated the FDCPA by sending post-bankruptcy discharge mortgage statements seeking to collect on a discharged debt. (*Compare* Ex. 1, *Sellers* Compl. at ¶¶ 32-51 *with* Dkt. 1, *Wortman* Compl. at ¶¶ 46-55, 77-88.) In fact, the mortgage statements in question are virtually identical. (*Compare* Ex. 1, *Sellers* Compl. at ¶¶ 13-14 and Ex. B *with* Dkt. 1, *Wortman* Compl. at ¶¶ 40, 42 and Ex. A.) Moreover, both seek to certify a class of individuals

4

who received the statements. (*Compare* Ex. 1, *Sellers* Compl. at ¶ 21 *with* Dkt. 1, *Wortman* Compl. at ¶ 85.)

As such, the central questions in *Sellers*—whether Rushmore's post-discharge account statements violate the FDCPA and whether a class can be certified with respect to that claim—are the central questions in this case. Or put another way, the questions destined to dominate both cases are "closely related," and the most important subject-matter is "common" between the two. *Texas Instruments Inc. v. Micron Semiconductor, Inc.*, 815 F. Supp. 994, 997 (E.D. Tex. 1993) (staying case where the "core issues substantially overlap[ed]" even though they were not identical). Accordingly, a stay of this action pending the outcome of *Sellers* would fulfill the fundamental purpose of the first-filed rule: minimizing the chances that fragmentary and duplicative litigation could yield jumbled and even incompatible rulings. *See, e.g.*, *U.S. ex rel. Berkowitz v. Automation Aids*, No. 13 C 08185, 2017 WL 1036575, at *10 (N.D. Ill. Mar. 16, 2017) (holding that the first-filed rule is triggered when two actions are related either "based on materially similar situations discernible from the original complaint itself" or "if an investigation launched because of the first would have revealed information about the second.").

**III.    The parties in *Sellers* and this case are substantially similar.**

The overlap of the relevant parties in this case and *Sellers* is also sufficient to invoke the first-filed rule. The defendant is the same—Rushmore. Although the named plaintiffs in each case are distinct, and the proposed classes[2] do not entirely overlap, both class definitions subsume borrowers who received a Rushmore mortgage statement after receiving a bankruptcy discharge. Minute differences aside, both actions essentially define their classes as consisting of

---

[2] Rushmore does not concede that class treatment is appropriate in either action but is simply detailing the parallels between the claims, parties, and allegations so that it may avoid litigating piecemeal in multiple jurisdictions. In the event this case is not stayed, Rushmore expressly reserves the right to challenge class certification if this case should proceed that far.

5

persons who (1) received a mortgage loan account statement from Rushmore (2) after receiving a bankruptcy discharge. (*Compare* Ex. 1, *Sellers* Compl. at ¶ 21 *with* Dkt. 1, *Wortman* Compl. at ¶ 85.)

The application of the first-filed rule does not require "exact identity of the parties," but instead, "only substantial similarity of parties" is necessary. *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015); *see also Balcom v. Rosenthal & Co.*, No. 96 C 6310, 1998 WL 2835, at *6 (N.D. Ill. Jan. 2, 1998) (defining actions as parallel "when substantially the same parties are contemporaneously litigating… .") Consequently, the rule's applicability merely requires that the parties "not *significantly* differ between the two actions." *Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.*, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983) (emphasis added); *cited approvingly by Giles*, 2016 WL 1588482, at *4 (C.D. Ill. Apr. 1, 2016).

A liberal approach to identity of the parties is particularly appropriate in the class-action context. The fact that classes in two actions would "ultimately contain different individuals if both actions proceed is of little significance," as long as the classes "substantially overlap." *Fuller v. Abercrombie F& Fitch Stores, Inc.*, 370 F. Supp. 2d 686, 689 (E.D. Tenn. 2005); *see also Askin v. Quaker Oats Co.*, No. 11 CV 111, 2012 WL 517491, at *4 (N.D. Ill. Feb. 15, 2012). Guided by these precedents, "[c]ourts have held that proposed classes in class action lawsuits are substantially similar where both classes seek to represent at least some of the same individuals." *Wallerstein v. Dole Fresh Vegetables, Inc.*, 967 F. Supp. 2d 1289, 1296 (N.D. Cal. 2013); *see also Moore v. Morgan Stanley & Co.*, No. 07 C 5606, 2007 WL 4354987, at *2 (N.D. Ill. Dec. 6, 2007) (finding classes to be sufficiently similar due to their shared focus on discriminatory treatment of financial advisors despite the fact that some of the named plaintiffs in one case

6

would not fit within the putative class of the other case); *Fuller*, 370 F. Supp. 2d at 690 (noting that collective classes substantially overlapped where "the same individuals could receive two opt-in notices for the same claim but in different courts"). Indeed, the mere ***possibility*** that classes will overlap has justified application of the first-filed rule. *See Ortiz v. Panera Bread Co.*, No. 1:10 CV 1424, 2011 WL 3353432, at *2 (E.D. Va. Aug. 2, 2011) (noting that dismissing second matter is "particularly appropriate in the context of competing collective [] actions which threaten to present overlapping classes, multiple attempts at certification in two different courts, and complicated settlement negotiations.")

Comparing the class definition proposed by the Wortmans with the one proposed in *Sellers* demonstrates that the same individual could receive two different notices from two different courts for the same claim. Although *Sellers* is a putative Florida-specific class and Wortman is a putative nationwide class, Florida consumers who received post-discharge mortgage statements from Rushmore fall within both class definitions. That is enough for purposes of the first-filed rule. *See Wallerstein*, 967 F. Supp. 2d at 1296; *Moore*, 2007 WL 4354987, at *2; *Fuller*, 370 F. Supp. 2d at 690; *Ortiz*, 2011 WL 3353432, at *2. The identity of parties factor thus also weighs in favor of staying this proceeding in favor of *Sellers*.

## CONCLUSION

For the reasons set forth above, all three factors to be analyzed under the first-filed rule—timing of the complaints, identity of issues, and identity of parties—weigh in favor of staying this proceeding in favor of *Sellers*. Rushmore accordingly requests that this Court grant its motion to stay proceeding in favor of first-filed case. In the alternative, should the Court be disinclined to grant a stay, Rushmore asks that the Court grant it twenty-one (21) days to answer, move, or otherwise plead in response to the Wortmans' complaint.

DATED: September 11, 2018                              RUSHMORE LOAN MANAGEMENT
                                                      SERVICES, LLC


                                                      By:   /s/ David F. Standa
                                                              One of Its Attorneys


Ryan M. Holz
*rholz@lockelord.com*
David F. Standa
*dstanda@lockelord.com*
LOCKE LORD LLP
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: 312.443.0700

**CERTIFICATE OF SERVICE**

      I, David F. Standa, an attorney, do hereby certify that on September 11, 2018, I caused the foregoing Motion to be served through the Court's Case Management/Electronic Case Files (CM/ECF) system upon all persons and entities registered and authorized to receive such service.

                                                   /s/ David F. Standa