# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| NICOLE T. WORTMAN and SHANE W. WORTMAN, individual, and on behalf of all others similarly situated, )<br><br>Plaintiffs, )<br><br>v. )<br><br>RUSHMORE LOAN MANAGEMENT SERVICES, LLC )<br><br>Defendant. ) | Case No.: 1:18-cv-04894<br><br>The Honorable John J. Tharp Jr. |

## JOINT STATUS REPORT

**1.  NATURE OF CASE**

    **A.  Attorneys of Record**

| **For Plaintiffs:** | **For Defendant:** |
|---|---|
| James C. Vlahakis | Ryan M. Holz |
| *jvlahakis@sulaimanlaw.com* | *rholz@lockelord.com* |
| Joseph S. Davidson | David F. Standa |
| *jdavidson@sulaimanlaw.com* | *dstanda@lockelord.com* |
| Mohammed O. Badwan | LOCKE LORD LLP |
| *mbadwan@sulaimanlaw.com* | 111 S. Wacker Drive |
| SULAIMAN LAW GROUP, LTD. | Chicago, IL 60606 |
| 2500 South Highland Avenue | (312) 443-0700 |
| Suite 200 | |
| Lombard, Illinois 60148 | |
| (630) 575-8181 | |

    **B.  Nature of Claims**

Plaintiffs allege defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*, by sending them monthly mortgage statements after they received a bankruptcy discharge. Rushmore admits that it sent the statements, but it denies that the sending of the statements violated the FDCPA. Plaintiffs seek to represent a nationwide class of people who received the same or similar mortgage statements after receiving a bankruptcy discharge.

    C.    **Major Legal and Factual Issues**

The major factual issues are whether a class can be certified and whether plaintiffs can adequately represent such a class.

The major legal issue is whether sending the monthly mortgage statements post-bankruptcy discharge violated the FDCPA.

    D.    **Relief**

Plaintiff seeks injunctive relief, statutory damages, attorney's fees, litigation expenses, costs of suit, and such other or further relief as the Court deems proper.

2. **Jurisdiction**

    A.  Plaintiff has alleged that defendant violated the FDCPA, 15 U.S.C. §1692 *et seq.* and, therefore, this Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k. The venue is appropriate in the Northern District of Illinois, as defendant's collection activities impacted plaintiff in this District.

    B.  There are no claims where the basis for jurisdiction is diversity or supplemental jurisdiction.

3. **Status of Service:** Defendant has been served.

4. **Consent to Proceed Before a United States Magistrate Judge:** The parties do not unanimously consent to proceed before a magistrate judge.

5. **Motions**

    A.  Defendant filed a motion to stay in favor of first-filed case on September 11, 2018.

    B.  If the motion to stay is denied, Defendant intends to respond to the complaint with a motion to dismiss. Because this case is part of the discovery pilot program, Defendant will file its answer concurrently with its motion to dismiss.

6. **Status of Settlement Discussions:**

    A.  Settlement discussions have not occurred.

    B.  N/A

    C.  The parties do not request a settlement conference at this time.

Respectfully Submitted,

s/ James C. Vlahakis
James C. Vlahakis
*jvlahakis@sulaimanlaw.com*
Joseph S. Davidson
*jdavidson@sulaimanlaw.com*
Mohammed O. Badwan
*mbadwan@sulaimanlaw.com*
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8181

s/ David F. Standa
Ryan M. Holz
*rholz@lockelord.com*
David F. Standa
*dstanda@lockelord.com*
LOCKE LORD LLP
111 S. Wacker Drive
Chicago, IL 60606
(312) 443-0700

## CERTIFICATE OF SERVICE

    I, David F. Standa, an attorney, do hereby certify that on September 13, 2018, I caused the foregoing Initial Status Report to be served through the Court's Case Management/Electronic Case Files (CM/ECF) system upon all persons and entities registered and authorized to receive such service.

                                                                        /s/ David F. Standa